MARC E. JOHNSON, Judge.
|2On October 26, 2010, defendant, Joe Bob Clark, was charged in a bill of information with failure to maintain his registration as a convicted sex offender by failing to appear for his quarterly registration with the Jefferson Parish Sheriffs Office in violation of La. R.S. 15:542. Defendant pled not guilty and filed a motion to quash the bill of information, which was granted after a hearing on April 4, 2011.
The State filed this appeal asserting as its sole assignment of error that the trial court erred in granting defendant’s motion to quash. For the reasons that follow, we affirm.
In his motion to quash, defendant asserted that he had fully satisfied any sex offender registration obligations he may have had and was under no legal obligation to register in Louisiana. In particular, he claimed he was convicted in Texas of a sex offense on January 26, 1994. He received a three-year sentence, and was released from custody in 1995 after being given credit for time served. | ^According to defendant, at the time he was released, he had no obligation under Texas law to register as a sex offender. However, Louisiana law required sex offenders to maintain registration for a period of 10 years. Defendant contended his obligation to register as a sex offender in Louisiana expired sometime in 2005. Thus, when he moved to Louisiana in 2009, he had no obligation to register as a sex offender. Defendant acknowledged Louisiana law changed in January 2008 expanding the registration requirement from 10 years to 25 years, but argued the change in the law did not apply to him because his obligation had been extinguished by operation of law prior to the effective date of the new law.
The State maintained the registration law applies to all convicted sex offenders regardless of the date of conviction. The State argued that the language in the 2007 amendment that stated the amendment did not apply to “those persons required to register under previous provisions of law whose obligations to register have been fulfilled and extinguished by operation of law,” did not apply to defendant because he never registered in Louisiana and, therefore, his obligations were never fulfilled and extinguished by operation of law.
At the hearing on the motion to quash, the parties entered into the following stipulations: (1) defendant was convicted of sexual assault of a child under the age of 17 in Texas on January 26, 1994 by way of a nolo contendere plea; (2) defendant completed his three-year sentence on December 27,1995; (3) at the time of defendant’s conviction, Texas law did not require him to register as a sex offender, but Louisiana law would have required him to register for 10 years from the date of his release from custody; (4) on January 1, 2008, Louisiana extended the duration of sex offender registration to 25 years; (5) defendant was convicted in Texas of grand theft auto on August 20, 2005 and sentenced to 26 months in prison; and, (6) prior to March 2009, defendant had never resided in Louisiana and |4had never registered as a sex offender because it was not required. At *1110 the conclusion of the hearing, which simply consisted of these stipulations and arguments of counsel, the trial court granted the motion to quash. The trial court found defendant was not required to register as a sex offender in Louisiana because his obligation to register had been fulfilled in Texas prior to defendant’s move to Louisiana.
The general grounds upon which a motion to quash may be based are set forth in La.C.Cr.P. art. 532. These grounds, which are illustrative rather than exclusive, include the fact the indictment fails to charge an offense which is punishable under a valid statute. La.C.Cr.P. art. 532(1); State v. Moten, 99-552 (La.App. 5 Cir. 11/30/99), 748 So.2d 1210, 1211. In State v. Brown, 07-388 (La.App. 3 Cir. 10/3/07), 966 So.2d 1138, 1146, writs denied, 07-2159 (La.3/28/08), 978 So.2d 304 and 08-326 (La.3/28/08), 978 So.2d 312, the court found that a motion to quash was the proper procedural ground in which to raise a legal issue. In Brown, the court found the issue of the effect of the defendant’s arrest on the status of his probation was not a factual question that could be resolved by the jury, but rather was a legal issue properly raised in a motion to quash.
The pivotal issue in this case is whether defendant had a legal obligation to register as a sex offender under Louisiana law when he moved to this state in 2009. Defendant and the. State entered into numerous factual stipulations .and none of these facts will change at trial. Thus, there are no factual disputes and no issues of credibility. As such, like Brown, we find this to be a legal issue that is properly raised in a motion to quash.
The bill of information states that between March 6, 2009 and October 7, 2010, defendant violated La. R.S. 15:542 in that he failed to maintain his sex offender registration by failing to appear for his quarterly registration with the RJefferson Parish Sheriffs Office. This charge presupposes defendant had a duty to register as a sex offender when he first moved to Louisiana.
As agreed upon by the parties, Louisiana law at the time of defendant’s 1994 conviction provided that a sex offender register for a period of 10 years from the date upon which the offender is released from custody. La. R.S. 15:544. The law further provided that, “[a] convicted sex offender’s duty to register and give notice terminates at the expiration of ten years from the date of initial registration, provided that during the ten-year period the convicted sex offender does not again become subject to this Chapter.” La. R.S. 15:544(A). Thus, under this law, defendant’s duty to register as a sex offender terminated in December 2005, which was 10 years from the date he was released from custody and the date his duty to register was first imposed.
Defendant subsequently moved to Louisiana in March 2009. By this time, the Louisiana legislature had substantially amended the registration requirements for sex offenders. By Acts 2007, No. 460, which became effective January 1, 2008, the registration requirement for sex offenders convicted of a sexual offense against a minor was extended to 25 years. Section 6 of the Act specifically provided:
The provisions of this Act shall apply to all persons convicted of a sex offense or a criminal offense against a victim who is a minor ... regardless of the date of conviction, with the exception of those persons required to register under previous provisions of law whose obligations to register have been fulfilled and extinguished by operation of law. Any person under an obligation to register as of the effective date of this Act *1111 shall comply with the requirements contained in this Act and shall be given credit for having fulfilled their obligations to register for the length of time equal to their previous registration in compliance with law. [Emphasis Added.]
We find that under this language, the 2007 amendment that extended a sex offender’s duty to register to 25 years does not apply to defendant. Defendant’s |fiduty to register expired by operation of law in December 2005, 10 years after his release from custody and a little over two years prior to the effective date of the amendment.
Further, for the same reason, we find no merit in the State’s argument that under La. R.S. 15:544(C), as amended in 2007, defendant’s period of registration ran anew from his August 2005 felony conviction for grand theft auto. La. R.S. 15:544(C) provides that the period of registration for a sex offender begins anew on the day the offender is released from incarceration if he is subsequently convicted of a felony after beginning a period of registration. Subsection C was likewise added by Acts 2007, No. 460, and effective January 1, 2008, after defendant’s duty to register expired.
Accordingly, we find the trial court did not err in granting defendant’s motion to quash the bill of information charging him with failing to maintain his sex offender registration between 2009 and 2010 because defendant was under no obligation to register as a sex offender. His original duty to register expired in 2005, which was 10 years from the date he was released from custody.

AFFIRMED

ROTHSCHILD, J., dissents with reasons.