DREW, J.
|, Sean C. Belcher was convicted of failure to register as a sex offender, in violation of La. R.S. 15:542. For this crime, he was sentenced to two years at hard labor without benefits. We affirm in all respects.
On September 14, 1999, Belcher was convicted of attempted simple kidnapping. At his sentencing hearing on December 16, 1999, he was sentenced to 18 months at hard labor, suspended, with 18 months of active supervised probation.[1]
On November 29, 2010, Belcher was charged by a bill of information for failing to register as a sex offender with the Caddo Parish Sheriffs Office, in violation of La. R.S. 15:542. In particular, Belcher was supposed to complete a quarterly registration requirement on September 8, 2010, but failed to do so until October 4, 2010.
On June 7, 2011, he was charged by another bill of information for failing to register with the Shreveport Police Department on May 11, 2011.
On December 14, 2011, the defendant filed a motion to quash his bills of information, claiming that these arrests violated his due process rights because the district court failed to provide him at sentencing with written notification of his duty to register as a sex offender. In support of his motion, he attached copies of sentencing hearing transcripts which showed that the trial court only suggested that he “be evaluated as a sex offender and receive treatment if necessary.”
12At the hearing on the motion to quash, Lt. Greg Wingate testified that:
• he was employed by the Caddo Parish Sheriffs Office, and had been in charge of sex offender registration for that agency since 2007;
• sex offenders receive a packet of information at each annual registration; ■
• this packet contains a copy of the relevant registration statutes as well as a document explaining what is required of him as a sex offender;
• a booking deputy then reviews La. R.S. 15:542 with the offender;
• the offender signs a document acknowledging receipt of a copy of the law and that he understands the registration laws as applied to him;
• the booking officer also signs a document stating that he reviewed the documents with the offender;
• prior to the 2008 amendments, offenders were required to register only annually, and most offenders were required to register for only 10 years;
• the 2008 amendments increased the registration requirements for different classes of offenders, so the sheriffs office mailed letters to those offenders;
• the letters notified offenders that they would now be categorized in tiers according to the type of offenses they committed;
*1191 • the letter listed the three tiers, showing the types of offenses that fell in each tier, and further explained how the new law would affect each offender;
• Belcher was classified as a tier three offender and was required to register both quarterly and annually with local authorities;
• Belcher registered only once in 2009, twice in 2010, and on April IB, 2011;[2]
• he discussed Belcher’s last annual registration packet, dated June 8, 2010;
Is*included in the packet was a form signed by the defendant acknowledging receipt of the information for his registration requirements, including that he had to register every three months from the date of this annual registration;
• his first quarterly registration was scheduled for September 8, 2010, but he did not register until October 20, 2010;
• he next came in for registration on April 13, 2011, which was also more than three months since his previous quarterly registration date;[3]
• he admitted that a copy of La. R.S. 15:542 as well as some forms required to be sent to school boards and newspapers were not in the packet;
• the letters sent to the offenders as well as the registration packets they received were not specifically tailored to each individual offender;
• although the letters and registration packets provide only a general knowledge of the registration laws, a deputy meets with and explains La. R.S. 15:542 with each offender at his annual registration;
• thereafter, each offender signs an acknowledgment that he has received and understands the registration information; and
• the booking deputy also signs a confirming acknowledgment.
The trial court denied the motion in a written ruling on April 10, 2012.
Defendant filed an application for supervisory writ with this court. In denying his writ application on May 25, 2012, we noted that, at the time of his arrests, La. R.S. 15:548 only required written notice to be given to those offenders convicted of a sex offense; and, attempted simple kidnapping was not a sex offense under La. R.S. 15:541. Therefore, the trial court was not required by statute to provide Belcher with written notice. This court also noted Belcher’s due process rights were not violated because the record | ¿demonstrated that he had registered sporadically during 2000 and 2011, proving that he had sufficient notice of his duty to register.
On June 27, 2012, the defendant withdrew his original plea of not guilty and, reserving his right to appeal the denial of his motion to quash, entered into a guilty plea for two counts of failure to register as a sex offender. The trial court sentenced him as noted before, and he now appeals.
The defendant alleges that:
• the trial court erred in denying his motion to quash;
• though he may have had a general understanding of the registration requirements, the state was required under the 2008 amendments to notify and advise him as to the changes in the law;
• this record is devoid of any evidence proving that the state did this;
• at sentencing, he was not told of his registration requirements;
*1192 • the state did not explain the 2008 amendments to him; and
• accordingly, he should not have been arrested for noncompliance.
The state responds that the evidence established that the defendant had been properly notified and advised of his duties under the new registration laws, in that:
• the Caddo Parish Sheriffs Office sent letters to the affected offenders, informing them of the upcoming registration changes;
• as the offenders came in for their annual registrations, booking deputies reviewed the registration requirements with each of them individually;
• Belcher had his annual registration on June 8, 2010;
• he returned in October, suggesting he knew to register quarterly; and
|s* since there are no new facts that would challenge our previous holding on supervisory review, the defendant’s assignment is without merit.
The general grounds upon which a motion to quash may be based are set forth in La. C. Cr. P. art. 532. These grounds, which are illustrative rather than exclusive, do not expressly include the issue raised herein. La. C. Cr. P. art. 532(1); State v. Moten, 99-552 (La.App. 5th Cir.11/30/99), 748 So.2d 1210. When the contested matter is strictly a legal issue, courts have found that a motion to quash is the proper procedural vehicle by which to assert the claim. See State v. Clark, 11-700 (La.App. 5th Cir.5/8/12), 95 So.3d 1108; State v. Brown, 2007-388 (La.App. 3d Cir.10/3/07), 966 So.2d 1138, 1146, writs denied, 2007-2159 (La.3/28/08), 978 So.2d 304, and 2008-0326 (La.3/28/08), 978 So.2d 312.
Our highest court has held that a motion to quash may not be used to argue a defense on the merits. In considering a motion to quash, a court must accept as true the facts contained in the bills of information and in the bill of particulars, and determine as a matter of law and from the face of the pleadings, whether a crime has been charged; while evidence may be adduced, such may not include a defense on the merits. State v. Byrd, 96-2302 (La.3/13/98), 708 So.2d 401, cert. denied, 525 U.S. 876, 119 S.Ct. 179, 142 L.Ed.2d 146 (1998).
In State v. Lauff, 06-717 (La.App. 5th Cir.2/13/07), 953 So.2d 813, our sister circuit held that the defendant’s motion to quash was improper because she raised factual matters that related to the merits of the case, relating solely to the issue of defendant’s guilt, in that the defendant | ^contended the state’s evidence could not prove she had the requisite intent for murder beyond a reasonable doubt.
A sentencing court’s failure to advise the defendant of all registration requirements is a legal issue, and to this extent, a motion to quash is the proper procedural vehicle to challenge such an issue. This court previously determined on supervisory review that, under the law at the time of his 2000 conviction for attempted simple kidnapping, the trial court was not legally required, for that offense, to inform Belcher of his duty to register as a sex offender under La. R.S. 15:543.
Belcher’s claim that the state did not notify him of the 2008 changes in his registration requirements is a factual issue, relating to Belcher’s guilt. He contends that the state’s evidence could not prove that he had been notified and advised of the 2008 changes. This factual claim goes to the merits, and was inappropriate for resolution by motion to quash. The trial court correctly denied the motion.
*1193 DECREE
The ruling of the trial court is AFFIRMED.

. At the initial sentencing, a motion for new trial was unresolved. We remanded the case. After the motion was denied, the defendant received the same sentence on July 31, 2000.

. Contrary to Wingate's testimony, Defendant's Exhibit D-l shows that Belcher actually registered twice in 2011, on January 17 and April 13.

. As noted, Ex. D-l also reflects registration on January 17, 2011.