PER CURIAM.
_JjWe granted the state’s application to consider the rulings below that defendant/respondent is not subject to Louisiana’s sex offender registration and notification provisions and therefore may not be prosecuted for failing to abide by those requirements. For reasons that follow, we reverse and remand this case for further proceedings.
On October 25, 2010, the state charged defendant by bill of information with failing to maintain his registration as a convicted sex offender by failing to appear for his quarterly registration with the Jefferson Parish Sheriffs Office, in violation of La. R.S. 15:542. Defendant filed a motion to quash the bill of information on grounds that he had fully satisfied any registration duty he may have had before establishing residence in Louisiana and that he was therefore under no legal obligation to register as a sex offender in this state. At the hearing on the motion to quash, the state and defénse stipulated to the following:
— Defendant was convicted of sexual assault of a child under the age of 17 in Texas on January 26, 1994, by way of a nolo contendere plea;
— Defendant completed his three-year sentence on December 27,1995. At the time of his conviction, Texas law *1248 did not require him to register as a |2sex offender,[1] but Louisiana law required convicted sex offenders to register for 10 years from the date of their release from custody;
— On January 1, 2008, Louisiana extended the duration of sex offender registration from 10 to 25 years by 2007 La. Acts 460; La.R.S. 15:544(B)(2) (eff. January 1, 2008); — Defendant was convicted in Texas of grand theft auto on August 20, 2005, and sentenced to 26 months imprisonment;
— Before March 2009, defendant had never resided in Louisiana and had never registered as a sex offender here.[2]
At the hearing, defendant argued, and the trial court agreed, that he had satisfied his duty to register in Louisiana by operation of law under the existing 10-year period by December 2005, and that he therefore had no duty to register when he came to Louisiana in March 2009. The ti’ial court thereby rejected the state’s argument that the registration period, whether measured by 10 years or 25 years, had not lapsed because it had not begun until defendant moved to this state in 2009. The trial court thus granted the motion to quash.
On the state’s appeal of that ruling, the court of appeal also agreed with defendant in a split panel decision that his “duty to register expired by operation of law in December 2005, 10 years after his release from custody and a little over two years prior to the effective date of the [2007] amendment.” State v. Clark, 11-0700, p. 6 (La.App. 5 Cir. 5/8/12); 95 So.3d 1108, 1111. On that premise, the majority concluded that the enlarged period of 25 years adopted in 2007 did not apply to defendant and did not revive his duty to register when he moved to Louisiana in 2009 because Section 6 of 2007 La. Acts 460 specifically provided |3that “[t]he provisions of this Act shall apply to all persons convicted of a sex offense or a criminal offense against a victim who is a minor ... regardless of the date of conviction, with the exception of those persons required to register under previous provisions of law whose obligations to register have been fulfilled and extinguished by operation of law.” (emphasis added). The majority also reasoned that defendant’s August 2005 conviction for auto theft in Texas did not change the analysis because the 10-year registration period had already lapsed by the time 2007 La. Acts. 460 went into effect on January 1, 2008, to add R.S. 15:544(C) (“If an offender begins the period of registration and notification and is subsequently incarcerated for the commission of a subsequent felony ... the period of registration and notification shall begin anew on the day the offender is released from incarceration, with no credit for the period of time in which the offender complied with registration and notification requirements prior to his incarceration.”).
Dissenting, Judge Rothschild expressed no disagreement with the majority’s statutory analysis but observed that “[b]y rul *1249 ing on the evidence submitted at the hearing of the matter,” the trial court had “improperly considered the merits of the charges against defendant,” and thereby gone “beyond the scope of a finding that could be made at a motion to quash,” an error he considered repeated by the majority in making “a determination regarding the application of the statutory amendments and defendant’s innocence.” Clark, 11-0700, p. 2; 95 So.3d at 1111-12 (Rothschild, J., dissenting).
As a general matter, on the point underscored by Judge Rothschild’s dissent, a motion to quash does not serve as a vehicle for asserting defenses on the merits. State v. Perez, 464 So.2d 737, 739-40 (La.1985). However, an exception to this rule exists where the state has alleged or admitted facts under which a lawful C conviction for the charged offense is not possible. State v. Legendre, 362 So.2d 570, 571 (La.1978) (pre-trial motion to quash appropriate remedy if charges are based “upon an allegation of fact which cannot conceivably satisfy an essential element of the crime”). In the present case, the state’s stipulation of fact that defendant did not reside in this state until 2009, well over 10 years after his release from the penitentiary in Texas on his conviction for a sex offense, raised a purely legal question, far better suited for a court to resolve than a jury, of whether the state can sustain a conviction of defendant under any conceivable set of circumstances within the scope of its stipulations. The trial court and court of appeal majority therefore did not err by considering the merits of defendant’s argument and resolving the issue in advance of trial.
As amended by 2010 La. Acts 400, La. R.S. 15:544(A) currently provides that the required periods of registration run “from the date of the initial registration in Louisiana,” (emphasis added), and R.S. 15:544(D)(2), also added by the 2010 act, states that “[a]n offender required to register pursuant to the provisions of this Chapter shall receive credit only for the period of time in which he resides in this state and is in compliance with all registration and notification requirements of this state.” Residence is defined in the statute as “a dwelling where an offender regularly resides, regardless of the number of days or nights spent there.” La.R.S. 15:541(22). Further, registration must be “in person” with the sheriff of the parish in which the sex offender resides. La.R.S. 15:542(B)(1). Thus, under current law, a person in defendant’s position would not receive any credit for his time spent in Texas after his release from custody, or in Louisiana after he moved to this state in 2009 and before he complied with the registration requirements, and he would remain subject to prosecution under La.R.S. 15:542 for failing to comply with the registration requirements, even as extended from 10 to 25 years after his 15conviction, because this court has taken the position that the sex offender registration and notification provisions are remedial in nature, not punitive, and may apply retroactively without offending the Ex Post Facto Clauses of the United States and Louisiana Constitutions. Smith v. State, 10-1140 (La.1/24/12); 84 So.3d 487; State ex rel. Olivieri v. State, 00-0172 (La.2/21/01); 779 So.2d 735.
The legislature has, however, provided its own limit on the retroactive application of the 2007 La. Acts 460 in Section 6 of the act. Sex offenders who successfully complied with this state’s registration provisions before the effective date of the 2007 La. Acts 400 are exempt from the more onerous registration periods provided by the enlarged time period from 10 to 25 years when the sex offense involves a minor child under the age of 17 years. La. R.S. 15:544(B)(1). In effect, the legisla *1250 ture rendered it unnecessary to resolve a question left open by this court’s decision in Smith, which observed that “the period of time a sex offender is obligated to register may be extended during the time of his original registration 'period without violating the ex post facto clause.” Smith, 10-1140, p. 15; 84 So.Sd at 497 (emphasis added).
On the critical question of whether defendant’s duty to register had lapsed by December 2005, the original version of La. R.S. 15:544(A), as enacted by 1992 La. Acts 388, read as follows:
A person required to register under R.S. 15:542 shall comply with the requirement for a period of ten years after the conviction, if not imprisoned during that period in a penal institution.... If the person required to register is imprisoned or confined to a penal institution ... he shall comply with the registration provision for a period of ten years after release from his confinement or imprisonment. A convicted sex offender’s duty to register terminates at the expiration often years from, the date of initial registration, provided that during the ten year period the convicted sex offender does not again become subject to this Chapter, (emphasis added).
|fiThe court of appeal majority clearly had the phrase “release from his confinement or imprisonment” in mind when it observed that “[a]s agreed upon by the parties, Louisiana law at the time of defendant’s 1994 conviction provided that a sex offender register for a period of 10 years from the date upon which the offender is released from custody.” Clark, 11-0700 at 5; 95 So.3d at 1110. But important in the present case is the interpretation of the phrase “expiration of ten years from the date of initial registration,” which marked the terminating point of the duty to register. The court of appeal concluded that the phrase meant “the date [defendant’s] duty to register was first imposed,” id., which meant, in its view, the date defendant was released from custody in Texas. Id., 11-0700 at 5; 95 So.3d at 1110. The court of appeal majority thus viewed the 10-year registration period as the functional equivalent of a statute of limitations on the prosecution of a criminal offense for which the time period had run in defendant’s favor before it was enlarged by the legislature. On the. other hand, the state gives a literal reading to the phrase “date of initial registration” in support of its argument that the 10-year period did not begin to run until defendant moved to Louisiana and initially registered in this state as a sex offender in January 2009.
We subscribe to the view of the state because it offers a far more consistent reading of the legislation in its entirety according to its paramount governmental interest of protecting the citizens of this state, and it avoids presuming the legislature intended to impose on a Texas resident (even assuming that it could do so extraterritorially) the duty to register as a sex offender in Louisiana immediately upon his release from prison in Texas before he or she had ever set foot in this state and without regard to whether the offender subsequently established residence in this state. Statutory interpretation begins with “the language of the statute itself.” Cat’s Meow v. City of New Orleans, 98-0601, p. 15 (La.10/20/98); 720 So.2d 1186, 1198 (citations omitted); see also Connecticut Nat’l Bank v. Germain, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 1149, 117 L.Ed.2d 391 (1992) (“[C]anons of construction are no more than rules of thumb that help courts determine the meaning of legislation, and in interpreting a statute a court should always turn first to one, cardinal canon before all others. We have stated time and again that courts must *1251 presume that a legislature says in a statute what it means and means in a statute what it says there.... When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete.”) (citations and internal quotation marks omitted). Further, “[t]he meaning and intent of a law is determined by considering the law in its entirety and all other laws on the same subject matter, and placing a construction on the provision in question that is consistent with the express terms of the law and with the obvious intent of the Legislature in enacting it.” State v. Gutweiler, 06-2596, pp. 9-10 (La.4/8/08); 979 So.2d 469, 476 (citations omitted).
From their inception, 1992 La. Acts 388, Louisiana’s sex offender registration and notification provisions have applied to adults “residing in this state” convicted of a sex offense as defined in the statute. La.R.S. 15:542(A). They have addressed not only current Louisiana residents who served prison sentences for sex crimes committed in Louisiana, but also offenders convicted in other jurisdictions of sex crimes equivalent to Louisiana’s sex offenses who then move to this state. As to the former, under the original 1992 enactment, still in effect when defendant was released from confinement in Texas in 1995, the convicted sex offender was required to register with the sheriff in the parish of his residence within 30 days “after conviction or release from custody.” La.R.S. 15:542(B) (1992 La. Acts 388). As to the latter, the sex offender was required to register with the sheriff of the parish of his residence “within 45 days of [^establishing residence in Louisiana.” Id.[3] Thus, the duty imposed by former La.R.S. 15:544(B) to register for a period of 10 years following release from “confinement or imprisonment” clearly applied only to Louisiana residents convicted of sex crimes in this state because La.R.S. 15:542(A) imposed the duty to register only on residents of this state. As to all offenders, however, La.R.S. 15:544(B) stated that the terminating point of the duty to register was 10 years from the date of “initial registration,” which must have meant, according to the plain meaning of the words, the date on which the sex offender actually registered with the sheriff in the parish of his residence in compliance with the law, including those offenders convicted of sex offenses in other jurisdictions who then established residence in this state.
Louisiana’s sex offender registration and notification law has a remedial purpose. From its inception in 1992, the law explicitly recognized that sex offenders “often pose a high risk of engaging in sex offenses, and crimes against victims who are minors even after being released from incarceration or commitment,” and that lack of information with respect to these offenders may result in a “failure to meet this paramount concern of public safety,” former La.R.S. 15:540.[4]
Accordingly, under the original 1992 enactment, as under current law, defendant was not “a person required to register” in Louisiana until he established residence in this state. Thus, under former law, as under current law, defendant’s duty to register and maintain his registration for a period of 10 years did not terminate in 2005 because, as the state argues, *1252 it did not begin until 2009, when he | flestablished residency in this state, and he had not extinguished his obligation under the former law, much less under the current expanded registration periods, before his arrest in 2010. The proviso in Section 6 of 2007 La. Acts 400 is not the functional equivalent of a statute of limitation abating the prosecution of a remote criminal offense, but a self-imposed restraint on the state’s plenary power and authority to enact remedial legislation for the protection of the general public, and it applies only to those sex offenders who complied with existing law and fully discharged their obligation to register and give notice under the law before the enlarged time periods went into effect on January 1, 2008.
The judgments below are therefore reversed, and this case is remanded for further proceedings consistent with the views expressed herein.
REVERSED AND REMANDED.

. The record indicates that defendant subsequently registered in Texas for life as a sex offender in June 2007. His registration in Texas has no bearing on the question whether he is subject to prosecution for failing to maintain his registration as a sex offender in Louisiana.

. According to the state's brief, this stipulation is incorrect. The state indicates that defendant in fact registered as a sex offender in January 2009 when he moved to this state. Thereafter, as alleged in the bill of information, he failed to maintain his registration between March 6, 2009 and October 7, 2010. The state argues, and we agree, that the discrepancy has no bearing on the outcome here.

. In 2007, the legislature reduced the time period for persons convicted of sex offenses in other jurisdictions to register in this state to three business days from establishing residence in Louisiana.

. Current law carries forward that explicit declaration of legislative purpose as applied not only to sex offenders but also to sexually violent predators and child predators. See R.S. 15:540(A).