PER CURIAM.
h Granted. Respondent was convicted of lewd molestation in. Oklahoma in 1992 in violation of 21 Okl.St.Ann. § 1123. He was released from incarceration in 1996 and registered as a sex offender in Oklahoma in compliance with that state’s laws. He established 'residence in Louisiana in 2005 and registered as a sex offender in compliance with Louisiana’s laws. In 2007, the Oklahoma Department of Corrections informed respondent that his ten-year obligation to register under Oklahoma law had ended. In 2010, respondent was notified that the 1992 Oklahoma sex offense corresponded with the elements of sexual battery of a child under the age of thirteen, La. R.S. 14:43.1(C)(2), which at that time had a lifelong registration requirement.
In 2014, respondent applied to the district court seeking injunctive relief and contending that, at the time his registration obligation ended under Oklahoma law, Louisiana had a ten-year registration requirement which had also expired. Because his obligation to register under Louisiana law was fulfilled and extinguished before the requirement of lifelong registration was |,¿imposed in 2008, he asked that he be removed from the State Sex Offender and Child Predator Registry and be relieved of any and all registry and notification requirements, which relief the district court granted.
The state appealed. The court of appeal affirmed because it found that the prior 10-year registration requirement began to run from the date of his initial registration in Oklahoma and therefore “[s]imple computation yields that [respondent’s] ten-year registration obligation ended, in August 2006.” State v. Rutherford, 14-1264, p. 2 (La.App. 1 Cir. 3/6/15), 2015 WL 993236 (unpub’d). Judge Chutz dissented on the basis that, under State v. Clark, 12-1296 (La.5/7/13), 117 So.3d 1246, “[Respondent’s] duty to register and maintain his registration had not terminated (in 2006, ten years after his duty to register as a *726 sex offender was first imposed), because that duty did not begin until 2005, when he established residency in this state.” The dissent is correct.
In State v. Clark, 12-1296, p. 8 (La.5/7/13), 117 So.3d 1246, 1251-52, this court found defendant in that case was not a person required to register in Louisiana until he established residence in this state and, thus, defendant’s duty to register had not terminated when the legislature enlarged the registration time period. Clark is dispositive of the present case. Although the court of appeal distinguished it on the basis that defendant in Clark first moved to Louisiana in 2009 (after substantial amendment of the sex offender registration and notification provisions) while present respondent took up residence in Louisiana in 2005 (pre-amendment), this court in Clark interpreted the same version of former La.R.S. 15:544(A), which was no different in 2005 than the language scrutinized in Clark The court of appeal also found it significant that Texas law did not require Clark to register and “therefore, the period of time could not have begun to run hany earlier than when he began residing in Louisiana.” Rutherford, 14-1264, p. 3, 2015 WL 993236 at *3. However, this court found in Clark that, under the plain language of the pertinent provisions, a defendant’s duty to register in Louisiana does not begin until he establishes residency in this state. Clark, 12-1296, pp. 8-9, 117 So.3d at 1251-52; see also id., 12-1296, p. 6, 117 So.3d at 1250 (“We subscribe to the view of the state because ... it avoids presuming the legislature intended to impose on a Texas resident (even assuming that it could do so extraterritorially) the duty to register as a sex offender in Louisiana immediately upon his release from prison in Texas before he or she had ever set foot in this state and without regard to whether the offender subsequently established residence in this state.”).
Thus, under this Court’s analysis in Clark, defendant’s registration in Oklahoma has no bearing on his duty to register in Louisiana, which in the instant case did not commence until defendant established residency in this state in 2005. The ruling of the court of appeal is reversed and the judgment of the district court granting respondent injunctive relief is vacated. The matter is remanded to the district court for further proceedings consistent with this ruling.
REVERSED AND REMANDED
WEIMER, J., would grant and docket.
HUGHES, J., would grant and docket.