STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2018 CA 1725

LEONARD E. PANARO

VERSUS

JEFF LANDRY, ATTY GENERAL OF THE STATE OF LOUISIANA;
JAMES M. LEBLANC, LOUISIANA DEPARTMENT OF PUBLIC SAFETY
AND CORRECTION  (DPSC); MICHAEL D. EDMONSON,
SUPERINTENDENT, LOUISIANA STATE POLICE (LSP); GERALD A.
TULRICH, JR., SHERIFF OF THE PARISH OF PLAQUEMINES,
DEFENDANTS, IN THEIR OFFICIAL CAPACITIES

Judgment Rendered September 27, 2019

********

Appealed from the
19th Judicial District Court
In and for the Parish of East Baton Rouge Parish
State of Louisiana
Case No. C652686

The Honorable Judge William A. Morvant Presiding

********

David M. Hufft
Belle Chase, Louisiana
Jeffrey Hufft
New Orleans, Louisiana

Counsel for Plaintiff/Appellant
Leonard E. Panaro

Adrienne E. Aucoin
Debra A. Rutledge
Baton Rouge, Louisiana

Counsel for Defendant/Appellee
Louisiana Dept. of Public Safety &
Corrections, et al.

Higginbotham, J. Concurs.
Penzato, J., concurs

Emma J. DeVillier
Baton Rouge, Louisiana

Counsel for Defendant/Appellee
Hon. Jeff Landry, Attorney General
of the State of Louisiana

\*\*\*\*\*\*\*\*

BEFORE:  HIGGINBOTHAM, PENZATO, AND LANIER, JJ

\*\*\*\*\*\*\*\*

**LANIER, J.**

The plaintiff/appellant, Leonard E. Panaro, appeals the summary judgment of the Nineteenth Judicial District Court (19th JDC), granted in favor of the defendant/appellee, Hon. Jeff Landry, in his capacity as Attorney General of the State of Louisiana. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On April 12, 2004, Mr. Panaro pled guilty to sexual battery, a violation of La. R.S. 14:43.1, in the Tenth Judicial District Court, Parish of Natchitoches (10th JDC). The 10th JDC accepted the guilty plea pursuant to the provisions of La. C.Cr.P. art. 893, and Mr. Panaro was sentenced to two years in the custody of the Louisiana Department of Public Safety and Corrections (LDPSC). The sentence was suspended, and Mr. Panaro was placed on supervised probation for two years. Mr. Panaro was ordered to pay a fine of $1,000.00, plus court costs, and was ordered to register as a sex offender.[1]

At the time of his conviction, the district court allowed Mr. Panaro to transfer his probation to Binghampton, New York, where he resided at the time. After Mr. Panaro successfully completed his probation in New York, Mr. Panaro filed a motion to set his conviction aside and to dismiss the prosecution on January 25, 2007, in the 10th JDC. The district attorney for the Parish of Natchitoches and the chief of police for the City of Natchitoches both concurred in the motion, and the district court signed the order to expunge Mr. Panaro's record.

In 2016, Mr. Panaro moved back to Louisiana and established residency in Plaquemines Parish. On May 18, 2016, the Louisiana Department of Justice sent a

---

[1] The court minutes from the date of Mr. Panaro's conviction do not reflect that Mr. Panaro was required to register as a sex offender; however, Mr. Panaro does not dispute that the district court ordered him to do so.

3

letter to Mr. Panaro advising him that the Department had discovered that he now resided in Louisiana, and that he was required to comply with the sex offender registration laws of the state of Louisiana, since he had never registered in Louisiana previously.

On November 4, 2016, Mr. Panaro filed a petition for declaratory judgment in the 19th JDC, praying that the district court declare he was under no legal duty to register as a sex offender in the state of Louisiana, since his conviction had been set aside and the underlying prosecution dismissed under La. C.Cr.P. art. 893. Mr. Panaro subsequently filed a motion for summary judgment on May 21, 2018, requesting the same relief. The Attorney General filed a motion for summary judgment on May 25, 2018, requesting that the court find there is no genuine issue of material fact that Mr. Panaro had the duty to register as a sex offender in Louisiana.

After a hearing on the matter, the 19th JDC signed a judgment on October 3, 2018, denying Mr. Panaro's motion for summary judgment and granting the Attorney General's motion for summary judgment. Mr. Panaro's timely motion for appeal followed.[2]

## ASSIGNMENTS OF ERROR

Mr. Panaro alleges two assignments of error:

1. The 19th JDC erred in granting the Attorney General's motion for summary judgment, requiring him to comply with the sex offender registration laws of the state of Louisiana, and denying his motion for summary judgment, which would relieve him of his duty to register.

---

[2] This Court issued an interim order to the 19th JDC to correct deficiencies related to finality in the October 3, 2018 judgment. The 19th JDC amended the judgment on February 26, 2019 and corrected the deficiencies by ordering Mr. Panaro "to comply with the laws of the State of Louisiana regarding sex registration." The record was supplemented with the amended judgment on March 19, 2019.

2. The 19th JDC misapplied La. R.S. 15:542.1 by not applying the version of the statute that was in effect on the date of his conviction and the date his conviction was set aside.

## STANDARD OF REVIEW

The denial of Mr. Panarao's motion for summary judgment is an interlocutory judgment that is non-appealable except when expressly provided by law. La. C.C.P. art. 2083(C); *Jackson v. Wise*, 2017-1062 (La. App. 1 Cir. 4/13/18), 249 So.3d 845, 849, writ denied, 2018-0785 (La. 9/21/18). However, when an unrestricted appeal is taken from a final judgment, the appellant is entitled to seek review of all adverse interlocutory rulings prejudicial to him, in addition to the review of the final judgment. *Jackson*, at 850. The granting of the Attorney General's motion for summary judgment, which is a final, appealable judgment pursuant to La. C.C.P. arts. 1915(A)(3) and 2083(A), grants the direct opposite relief that is requested in Mr. Panaro's motion for summary judgment, making it subject to review on appeal in connection with the review of the appealable judgment in the same case. See *Jackson* at 850.

Summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action .... and shall be construed to accomplish these ends." La. C.C.P. art. 966(A)(2). In reviewing the district court's decision on a motion for summary judgment, this court applies a *de novo* standard of review using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. *Smith v. Our Lady of the Lake Hospital, Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730, 750. "After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to

5

material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3).

## DISCUSSION

Mr. Panaro argues that the law applicable to his registration requirements is the version of La. R.S. 15:542.1[3] that he claims was in effect at the time he pled guilty to sexual battery on April 12, 2004, which stated:

> **H. Duty to register.** (1) A person required to register under this Section as a sex offender or child predator shall register and maintain his registration pursuant to the provisions of this Section for a period of ten years after the date on which the person was released from prison, placed on parole, supervised release, or probation for a conviction giving rise to the requirement to register, unless the underlying conviction is reversed, set aside or vacated. The requirement to register shall apply to an offender who is pardoned.

Pursuant to the language of this statute, Mr. Panaro contends, he has no duty to register as a sex offender because his conviction was set aside. However, since his conviction in 2004, the sex offender registration laws of this state have been substantively rewritten. The Louisiana Supreme Court has held in *State v. Clark*, 2012-1296 (La. 5/7/13), 117 So.3d 1246, 1251-52, that the duty of registration for an out-of-state sex offender begins once he establishes residency in this state.

In *Clark*, the respondent was convicted in the state of Texas of sexual assault of a child under the age of seventeen in 1994. He completed his prison sentence in 1995, and under Texas law at the time, was not required to register as a sex offender. *Id.*, 1247-48. In 2009 the respondent moved to Louisiana, where he was charged with failure to register as a convicted sex offender in 2010. The respondent filed a motion to quash the bill of information on the ground that he had

---

[3] The title of La. R.S. 15:542.1 at the time of Mr. Panaro's conviction was "Registration of sexually violent predators and child predators." The current title of La. R.S. 15:542.1 is "Notification of sex offenders and child predators."

fully satisfied his duty of registration in Texas before establishing his residence in Louisiana. *Id.*, 1247.

The supreme court noted in *Clark* that La. R.S. 15:544(A) requires the period of registration to run "from the date of the initial registration in Louisiana." Furthermore, the supreme court noted that La. R.S. 15:544(D)(2) states that "[a]n offender required to register pursuant to the provisions of the Chapter shall receive credit only for the period of time in which he resides in this state and is in compliance with all registration and notification requirements of this state." *Clark,* at 1549. The supreme court found that Louisiana's sex offender registration laws as they existed in 1995 (when the respondent was released from prison in Texas) and in 2010 (when the respondent was charged with failure to register as a convicted sex offender in Louisiana) both required the respondent to register in Louisiana once he had established residency in Louisiana. *Id.*, 1251.

In a similar Louisiana Supreme Court case, *State v. Rutherford,* 2015-0636 (La. 3/4/16), 185 So.3d 725, the respondent was convicted of lewd molestation in the state of Oklahoma in 1992 and released from prison in 1996. He then registered as a sex offender in Oklahoma. In 2005, the respondent established residence in Louisiana and registered as a sex offender. In 2007, the Department of Corrections of Oklahoma notified the respondent that his obligation to register had ended, which, in 2007, was in agreement with the sex offender registration laws in Louisiana. However, in 2008 the Louisiana law changed so that a person convicted of sexual battery of a child under the age of thirteen, a violation of La. R.S. 14:43.1(C)(2), was required to register as a sex offender for life. The respondent was then notified in 2010 that the crime for which he was convicted in Oklahoma corresponded to the crime of sexual battery of a child under the age of

7

thirteen in Louisiana, and he was required to register as a sex offender in Louisiana for the rest of his life. *Id.*

The respondent sought injunctive relief in Louisiana so that he would be removed from the sex offender registry in Louisiana since, he argued, he had satisfied the registration requirements of both Oklahoma and Louisiana as they existed in 2007. The district court granted the relief the respondent prayed for, and this Court affirmed, finding that the respondent's ten-year registration requirement which had been imposed in Oklahoma began to run from his initial registration in that state in 1996.[4] The supreme court reversed, following its previous analysis in *Clark*, holding that since the respondent established residency in Louisiana in 2005, his duty to register as a sex offender in Louisiana did not commence until that year, and the respondent's registration in Oklahoma had no bearing on his duty to register in Louisiana. *Rutherford*, 726.

Although the factual histories of *Clark* and *Rutherford* are slightly different from the instant case, the supreme court is absolutely clear that a convicted sex offender's duty to register in Louisiana begins once his residency is established in this state, regardless of what may have occurred in the state in which the offender previously resided. Mr. Panaro established residency in Louisiana in 2016; therefore, he is obligated to comply with the sex offender registration laws of this state as they existed in 2016, which have not substantially changed since then.

Louisiana Revised Statutes 15:541(7) defines "conviction" for the purposes of the sex offender registration. Specifically, the definition states "[a] dismissal entered after a period of probation, suspension, or deferral of sentence shall be included in the definition of 'conviction' for purposes of this Chapter." Under La.

---

[4] Judge Chutz dissented. Following *Clark*, he stated the respondent's duty to register in Louisiana began when he established residency in Louisiana in 2005. *Rutherford*, 725-726.

R.S. 15:541(24)(a), sexual battery, for which Mr. Panaro was convicted, is defined as a "sex offense." Pursuant to La. R.S. 15:542(A), any person convicted of a "sex offense" is required to register and provide notification as a sex offender. Pursuant to La. R.S. 15:544(A), a person convicted of a sex offense, even if the conviction was set aside pursuant to La. C.Cr.P. art. 893, as in Mr. Panaro's case, is required to register and provide notification for a period of fifteen years from the date of initial registration.

## CONCLUSION

This Court recognizes that Mr. Panaro may have made a diligent effort to comply with the sex offender registry laws of both New York and Louisiana; however, the Louisiana Supreme Court's rulings are clear that a sex offender's duty to register begins once the offender begins to reside in Louisiana. The sex offender registry laws in effect at that time are applicable. Based on the sex offender registration laws of this state, a granted motion to set aside a conviction pursuant to La. C.Cr.P. art 893 does not effect a sex offender's duty to register. For the above reasons, and that there are no genuine issues of material fact, the Attorney General was entitled to summary judgment as a matter of law.

## DECREE

The Judgment of the Nineteenth Judicial District Court, denying the motion for summary judgment filed by the plaintiff/appellant, Leonard E. Panaro, and granting the motion for summary judgment filed by Hon. Jeff Landry, in his capacity as Attorney General of the State of Louisiana, is affirmed. All costs of this appeal are assessed to Mr. Panaro.

**AFFIRMED.**