HAMITER, Justice.
On April 30, 1965 a bill of information was filed in the Parish of Ouachita against Clarence Edward Atkins charging him with having committed the crime of bigamy in that on October 21, 1964 he wed a named female in the Parish of West Carroll and in the former parish intentionally and habitually cohabited with her between February 1, 1965 and March 17, 1965, during which period he was married to and not divorced from another female.
To the information the accused tendered a motion to quash, it containing an allegation that he had been finally divorced from his first wife as of October 5, 1964 (a year after the entering of an interlocutory decree) by a judgment of the Superior Court of the State of California for the County of Shasta. And he urged therein that since he was not married again until October 21, 1964 the later act of marriage and his cohabitation with his second wife could *779 not constitute the crime of bigamy. Attached to the motion to quash was the mentioned judgment of divorce, certified under the Acts of Congress, it bearing date of April 5, 1965 and (among other things) reciting: “IT IS FURTHER ORDERED AND DECREED that under the provisions of Section 133, of the Civil Code of the State of California, this Final Judgment of Divorce is made and entered NUNC PRO TUNC as of the 5th day of October, 1964.”
Without any objection from the district attorney the court set a date to hear the motion to quash. And at the hearing the California divorce judgment, along with the duty certified codal provision authorizing such nunc pro tunc type of decree, was introduced into evidence by the defendant — again without any objection from the state.
At the conclusion of the hearing the motion to quash was sustained. Whereupon, the state reserved (and it later perfected) a bill of exceptions.
The state is appealing.
For the first time the state now urges: “ * * * The judgment of divorce was granted to be effective at the earliest date it could have possibly been obtained which would have been prior to the defendant’s second marriage in this state. The defendant has filed copies of California statutes supporting the validity of this type-of decree. Such a plea should have been raised in defense of this charge on the trial thereof. * * * ” (Italics ours.)
As we have shown, at no time prior to or during the district court hearing did the prosecuting attorney in any way complain of the procedure followed; and in the perfected bill of exceptions he has not alleged error in this respect. Nor has he attacked, for any reason, the validity of the California decree or the codal provision which authorized it. In fact, in his brief here (as aforeshown), it is conceded that the divorce decree was rendered to be effective on a date prior to the defendant’s second marriage and that the “defendant has filed copies of California statute supporting the validity of this type of decree.” .
We are of the opinion that the state’s present opposition to the procedure in the district court comes too late. We recognize the pronouncement made by this court in several cases, on which the state relies, to the effect that evidence may be'offered on the hearing of a motion to quash an indictment or an information with respect to “any defect fatal to the validity of the proceedings.” However, the circumstances in such cases are not the same as those involved here. In none of them (as in the instant matter) was a judgment rendered sustaining a motion to quash after a hearing during which evidence in support of the motion was introduced without any objection whatever by the district attorney.
*781 The situation in this case, we think, more nearly approximates that found in State v. Moore, 196 La. 617, 199 So. 661. Therein, the defendant, who was charged with murder, filed a motion to quash on the ground that more than a year and a day had elapsed from the date of the alleged shooting and the death of the victim. On the trial of such motion, which was apparently held without objection from the state, it was ascertained that the victim had, in fact, died more than a year after the accused was alleged to have shot him. The district court sustained the motion to quash. On an appeal by the state we held that under our law a person inflicting an injury on another who dies more than a year and a day from the time of such infliction is not criminally responsible for the homicide and that “one so charged may, on a motion to quash, show that fact and thus avoid a trial of the case.”
Furthermore, those decisions dealing with facts revealed in bills of particulars seem to be analogous. See State v. Bessar et al., 213 La. 299, 34 So.2d 785, State v. Masino et al., 214 La. 744, 38 So.2d 622, State v. Peterson, 232 La. 931, 95 So.2d 608, and State v. Picou, 236 La. 421, 422, 107 So.2d 691.
So in a bigamy case such as this, where the state does not object to a hearing of a motion to quash based on the specific allegation of a prior divorce and, further, makes no objection to the introduction of evidence proving such a dissolution of marriage, the court, in passing upon the motion, may consider the facts established at the hearing and determine whether, as a matter of law, they reveal the commission of the crime charged.
During the oral argument of this case here counsel for the State urged that harmful and detrimental effects might result from such a ruling. He suggested, for instance, the possibility that criminal cases might be determined solely on motions to quash rather than by way of trials on the merits. We foresee no such danger. Timely objections by the district attorney can prevent a result of that kind.
Moreover, in the instant case the question presented was purely a legal one, determinable by the district court, to-wit: Should the unassailed California nunc pro tunc, or retroactive, final divorce decree be given full faith and credit in this state so as to bar the bigamy charge growing out of a second marriage entered into between the effective date of the judgment and the date on which it was actually rendered? We find no abuse of the court’s discretion in determining that issue in advance of the trial, particularly when there was no objection by the state to such procedure.
For the reasons assigned the judgment of the district court is affirmed.