312 So.2d 282 (1975)
STATE of Louisiana
v.
Bernard A. REMBERT.
No. 55807.
Supreme Court of Louisiana.
April 24, 1975.
Rehearing Denied May 30, 1975.
*283 Joseph L. Waitz, Waitz, Weigand & Downer, Houma, for defendant-appellee.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Norval J. Rhodes, Dist. Atty., Alexander L. Doyle, Asst. Dist. Atty., for plaintiff-appellant.
TATE, Justice.
The state appeals from the trial court's sustaining the defendant's motions to quash the bill of information. La.C.Cr.P. art. 912B. The trial court essentially held, on the basis of evidence produced at a preliminary hearing,[1] that the aerosol container of mace spray used in the battery was not a "dangerous weapon" within the meaning of the statute defining the crime charged.
The defendant Rembert is charged with aggravated battery, which is a battery "committed with a dangerous weapon". LaR.S. 14:34. In the definitions of the Louisiana Criminal Code, La.R.S. 14:2(3): "`Dangerous weapon' includes any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm."
In holding that the aerosol container was not a dangerous weapon, the trial court essentially held that, in the manner used by the defendant, there was no likelihood of its producing death or great bodily harm. Whatever might be the merit of this holding as the basis for a judgment on the preliminary examination, on a motion *284 for a directed verdict, or of acquittal, this factual conclusion affords no legal basis to quash the bill of information.
The motion to quash is essentially a mechanism by which to raise pre-trial pleas of defense, those which do not go to the merits of the charge. La.C.Cr.P. arts. 531-534.
In a hearing on the motion to quash, the evidence is limited to procedural matters; the question of factual guilt or innocence of the offense charged is not raised by the motion to quash. State v. Patterson, 301 So.2d 604 (La.1974); State v. Snyder, 277 So.2d 660 (La.1973). The question of whether an instrumentality, as used in a crime, is in fact a dangerous weapon is ordinarily a question for determination at the trial on the merits, not at a motion to quash. State v. Murff, 215 La. 40, 39 So.2d 817, 823-25 (1949).
The defendant suggests that the trial court could consider the evidence for purposes of determining the motion, since the state did not object to its introduction. State v. Atkins, 248 La. 776, 181 So.2d 779 (1966). Even if the Atkins holding applies to a factual defense of the matter here raised, the present record shows without contradiction that, upon the state's query, the trial court noted that the evidence was introduced for the preliminary hearing and not upon the motion to quash. Tr. 28-30. Thus, the present does not concern a situation where evidence was introduced without objection to a motion to quash. Further, the present concerns a factual defense to the merits; unlike in Atkins, where the validity of the bigamy charge depended upon court resolution in the issue of law tried (whether a California divorce decree had legal effect on a given date).
The trial court was therefore in error in sustaining the motion to quash on the basis of the factual evidence tending to prove that, as used in this instance, the mace was not a dangerous weapon.
Accordingly, we reverse the trial court's judgment sustaining the motions to quash; we overrule the motions; and we remand the case for further proceedings in accordance with law.
Reversed and remanded.
NOTES
[1] In addition to quashing the bill of information, the trial court also rendered judgment on the preliminary examination. It held there was no probable cause to charge the defendant and ordered him released from bail. La.C.Cr.P. arts. 291-298. No review was sought of this order, and it is not affected by this appeal.