JjDENNIS R. BAGNERIS, SR., Judge.
On July 26, 2001, a sixteen year old juvenile, M.B., (“defendant”) was charged by petition with one count of Illegal Carrying of Weapons in violation of La. R.S. 14:95. Specifically, the defendant was charged with the concealment of a silver and black powerline air gun. Later that day, a continued custody hearing was held to determine whether there was probable cause for the defendant’s detainment prior to trial. Due to the absence of the arresting police officer, the juvenile judge found that probable cause for the defendant’s detainment was not established and thus *816 released him to his mother. Additionally, the juvenile judge granted the defendant’s Motion to Quash the petition on the basis that the so-called weapon was a toy gun and that “there was no evidence that said toy gun was brandished by the juvenile.” The State now appeals this final judgment.
In its sole assignment of error, the State alleges that the juvenile judge erred in granting defendant’s Motion to Quash because the issue of whether the instrument is used or intended for probable use as a dangerous weapon is an issue 12of fact that is to be determined at trial. For the following reasons, we agree that the issue of whether the air gun is a dangerous instrument is a question to be determined at the trial on the merits, not at a motion to quash.
La. R.S. 14:95 provides in part:
§ 95. Illegal carrying of weapons A. Illegal carrying of weapons is:
(1) The intentional concealment of any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, on one’s person.(Emphasis added)
La. R.S. 14:2(3) defines “dangerous weapon” as “any gas, liquid or other substance or instrumentality, which, in the manner used, is calculated or likely to produce death or great bodily harm.” Accordingly, La. R.S. 14:95 prohibits the concealment of a(l) firearm or (2) instrumentality, which, in the manner used, is likely to produce death or great bodily harm.
Although an air gun is not a firearm, it is an instrument that can cause great bodily harm. See Clark v. Jesuit High School of New Orleans 96-1307, p. 2 (La.App. 4 Cir. 12/27/96), 686 So.2d 998, 1000 (whereby a “BB” fired from a gun, pierced defendant’s gym bag, and struck victim in the right eye. As a result of this injury, victim is legally blind in his right eye.[1]) Further, in State in the Interest of D.S., a “BB” gun was considered to be a dangerous weapon under La. R.S. 14:34, aggravated battery. 95-1019, p. 2 (La.App. 5 Cir. 4/16/96), 673 So.2d 1123, 1124, writ denied, 96-1237 (La.6/21/96), 675 So.2d 1086. In State in the Interest of D.S., the defendant shot another youth with a “BB” gun, and was charged with aggravated battery, which is a battery “committed with a dangerous laweapon[2].” Id. The defendant admitted the allegations contained in the petition and was placed on probation until his 21st birthday. Accordingly, an air gun cannot be presumed to be a toy and thus not a dangerous weapon.
Moreover, in State v. Rembert, the Supreme Court reversed a trial court’s judgment granting a motion to quash and held that “[t]he question of whether an instrumentality, as used in a crime, is in fact a dangerous weapon is ordinarily a question for determination at the trial on the merits, not at a motion to quash.” 312 So.2d 282, 284 (La.1975). In Rembert, the defendant was charged with aggravated battery. During a preliminary hearing, the trial court held that there was no probable cause to charge the defendant and ordered him to be released from bail. Id. at 283 n. 1. In addition, the trial court quashed the bill of information finding that “the aerosol container of mace spray used in the battery was not a ‘dangerous weapon’ within the meaning of the statute defining the crime charged.” Id. at 283. The Supreme Court reversed the trial court “on the basis of the factual evidence tending to prove that, as used in this instance, the mace was not a dangerous weapon,” and remanded *817 the case for further proceedings. Id. at 284.
Similarly, the juvenile judge in this case failed to find probable cause to detain the juvenile, and then granted the defendant’s Motion to Quash on the grounds that the so-called weapon was a toy gun. The juvenile judge was therefore in error in sustaining the defendant’s Motion to Quash because the so-called weapon was a toy gun and because “there was no evidence that said toy gun was brandished by the juvenile.”
|4Accordingly, we reverse the juvenile court’s judgment sustaining the Motion to Quash, and we remand the case for further proceedings in accordance with law.

REVERSED AND REMANDED.

. A “BB” or small lead pellet is generally designed for use in an air compression pistol.

. La. R.S. 14:34.