PER CURIAM.
|, Granted. The trial court erred in granting defendant’s motion to quash her pending prosecution for possession of hydroco-done in violation of La.R.S. 40:967(0(2), and the court of appeal erred in affirming that ruling. State v. Faggin, 13-0617 (La. App. 4 Cir. 1/15/14), 2014 WL 529957 (Bagneris, Lombard, JJ., Lobrano, J. dissenting) (unpub’d).
As a general rule, “[t]he motion to quash is essentially a mechanism by which to raise pre-trial pleas of defense, i. e. those matters which do not go to the merits of the charge.... While evidence may be adduced, such may not include a defense on the merits.” State v. Perez, 464 So.2d 737, 739 (La.1985). The legislature has made an exception to that rule in La. C.Cr.P. art. 532(10), which provides as a general ground for a motion to quash that “[t]he individual charged with a violation of the Uniform Controlled Dangerous Substances Law has a valid prescription for that substance.” An individual claiming possession of a valid prescription for any controlled substance in fact has a duty “to produce sufficient proof of a valid prescription to the appropriate prosecuting office” by way of, for | ¡.example, “the original prescription bottle with the defendant’s name, the pharmacist’s name, and prescription number,” La.R.S. 40:991(A), and he or she must raise the defense before trial by way of a motion to quash. La.R.S. 40:991(C).
In the present ease, defendant claims as a basis for quashing the prosecution not that the prescription for hydro-codone was in her name but that she was retrieving the pills on behalf of the holder of a valid prescription for the drugs whom she identified as her live-in partner. Although the arrest register and various bail forms filed into the record raise some question whether defendant and the prescription holder resided at the same address at the time of her arrest, we agree with Judge Lobrano in any event that “defendant’s statement that she was retrieving the controlled dangerous substance for [her partner], who was a member of her household and had a valid prescription for hydrocodone, is not a ground on which to assert a motion to quash under La.C.Cr.P. art. 532(1) [because] art. 532(10) requires the individual charged, ie., the defendant, to have a valid prescription.” Faggin, 13-0061 at *3 (Lobrano,- J., dissenting). Defendant’s claim she lived with the holder of the prescription and acted as an agent for him in retrieving the pills on his behalf, and thus did not have possession of the pills for her own use when arrested, is in the nature of a defense on the merits for a fact finder at trial. Cf La.R.S. 37:1164(10) (For purposes of Louisiana’s Pharmacy Practice Act, the term “dispense” “[m]eans the interpretation, evaluation, and implementation of a prescription drug order, including the preparation and delivery of a drug or device to a patient or patient’s agent in a suitable container appropriately labeled for subsequent administration to, or use by, a patient .... [and] necessarily includes a Istransfer of possession of a drug or device to the patient or the patient’s agent.”) (emphasis added); State v. Love, 06-0539, p. 6 (La.App. 4 Cir. 12/6/06), 947 So.2d 161, 165-67 (“Assuming that [defendant’s sister] was telling the truth when she testified that the defendant was in *300 possession of the drugs solely to deliver them to her at her request because she had failed to take them with her when she moved a month before, it appears that the defendant did not commit the offense [possession of oxycodone] with which he was charged. However, the jury apparently rejected the testimony of Ms. Love and thus the defendant’s reasonable hypothesis of innocence.”).
JOHNSON, C.J., dissents.