GRAIN, J.
|2The State of Louisiana appeals the trial court’s ruling quashing three counts of a bill of information charging the defendant, David H. Daquin, with drug-related ■ offenses.[1] Concluding that the bill of information charges valid criminal offenses, and that the defendant’s challenge raises defenses to the merits of the charges that are not proper for resolution by a motion to quash, we reverse and remand for further proceedings.
FACTS AND PROCEDURAL HISTORY
According to the affidavit in support of the defendant’s arrest warrant, the defendant was arrested after the St. Tammany Parish Sheriffs Office executed a search warrant at the defendant’s office and residence and seized approximately ten kilograms of what was later confirmed to be the chemical substance UR-144, evidence containing eathinone residue, several firearms, and $286,405.00 in cash. The defendant admitted he sold the chemical substance UR-144 for use in manufacturing synthetic marijuana and that a portion of the seized cash was derived from the sale of the chemicals.
The defendant was charged by bill of information with:
COUNT 1
R.S. 40:966 A POSSESSION WITH INTENT TO DISTRIBUTE SCHEDULE I CONTROLLED DANGEROUS SUBSTANCE
David H Daquin, on or about March 29, 2012, possession with the intent to distribute or dispense a controlled dangerous substance under Schedule I, to-wit: Marijuana and/or synthetic eanna-binoids.
COUNT 2
R.S. 40:966 C POSSESSION OF SCHEDULE I CONTROLLED DANGEROUS SUBSTANCE
David H Daquin, on or about March 29, 2012," by knowingly and intentionally possessing a controlled dangerous substance classified in Schedule I, by having in possession said substance, to-wit: Cathinone.
J^COUNTS
R.S. 40:1041 A DISGUISING TRANSACTIONS INVOLVING DRUG PROCEEDS "
David H Daquin, on or about March 29, 2012, by knowingly and intentionally conducting a financial transaction involving proceeds known to be derived from a violation of R.S. 40:966 et seq. when the transaction is designed to conceal or disguise the nature, location, source, ownership, or’ the control of the proceeds known to be derived from such violation;.
COUNT 4"
R.S. 14:95(E) ILLEGAL CARRYING OF A WEAPON WHILE COMMITTING A CRIME OF VIOLENCE OR WHILE IN POSSESSION OF A CONTROLLED DANGEROUS SUBSTANCE
David H Daquin and Brandi M Da-quin,[2] on or about March 29, 2012, by *726 possessing " or having in his immédiate control any firearm or other dangerous instrumentality, namely Synthetic Marijuana, while committing or attempting to commit a crime of violence or while in the possession of a controlled dangerous substance, to-wit: a Rifle.
The defendant filed a motion to quash counts 1, 3, and 4, of the bill of information. The trial-court granted the motion after considering' the defendant’s argument that it was not illegal to possess UR-144 on the date of the alleged offense and evidence on the issue of whether UR-144 is -a controlled substance analogue as defined in- Louisiana Revised Statute 40:961(8).- The State now appeals. See La.Code Crim. Pro. art, 912 B(1).
DISCUSSION
An accused shall -be informed of the nature and cause of the accusation against him.. La. Const. art. I, § 13. Accordingly, Louisiana Code of Criminal Procedure article 464 requires:
The indictment shall be a plain, concise, and definite written statement .-of the essential ■ facts constituting the offense charged. It shall state for each count the official or customary citation of the statute which the defendant is alleged to have violated. Error in the citation or its omission -shall not be ground for dismissal of the indictment or for reversal -.of a conviction if the error or omission . did not mislead the defendant to his prejudice.
|4If a bill of information fails to adequately inform the defendant of the charges against him, or if the conduct alleged against the defendant does not provide a legal basis for the offense charged, the trial court may order the bill of information quashed. See State v. DeJesus, 94-0261 (La.9/16/94), 642 So.2d 854, 855.
A motion to quash is a procedural device used for urging pre-trial matters that do not go to the merits of the charge, much like an exception of no cause of action in a civil suit. See State v. Byrd, 96-2302 (La.3/13/98), 708 So.2d 401, 411, cert. denied sub nom., Peltier v. Louisiana, 525 U.S. 876, 119 S.Ct. 179, 142 L.Ed.2d 146 (1998); see also La.Code Crim. Pro. arts. 531-34; State v. Thomas, 12-0470 (La.App. 1 Cir. 11/14/12), 111 So.3d 386, 388-89. In considering a motion to quash, the court must accept as true the facts alleged in the bill of information and determine, as a matter of law and from the face of the pleadings, whether a crime has been charged. Byrd, 708 So.2d at 411.
The basis for the defendant’s motion to quash is that it was not illegal to possess UR-144 on the date of the alleged offenses. However, the bill of information does not charge the defendant with violating any criminal statute by possessing UR-144. Rather, the bill of information alleges that the defendant possessed marijuana and/or synthetic cannabinoids with the intent to distribute; that he disguised transactions involving drug proceeds; and that he possessed a weapon while in possession of synthetic marijuana. Accepting the facts on the face of the bill of information as true," violations of Louisiana Revised Statutes 40:966 A, 40:1041 A, and 14:95 E have been validly charged.
The defendant’s argument that he did not violate the criminal statutes by possessing UR-144 .is a defense to the merits of the charges against him. Accord State v. Carter, 11-0859 (La.App. 4 Cir. 3/21/12), 88 So.3d 1181, 1182-83.[3] As a *727 general rule, a motion to quash does not serve as a vehicle for asserting defenses to the merits- of-the charges against the defendant. See State v. Faggin, 14-0326 (La. 10/24/14), 150 So.3d 298, 299 (per curiam), An exception to this general rule exists in cases .where the State has-alleged or admitted facts under which a. lawful conviction for. the charged offense is not possible. State v. Clark, 12-1296 (La.5/7/13), 117 So.3d 1246, 1249.
In Clark, the defendant was charged with failing to maintain his registration as a sex offender. The defendant filed a motion to quash arguing that the applicable law only required that he register as a sex offender for ten years, which period lapsed before he moved to Louisiana. The State stipulated that the defendant did not reside in Louisiana until more than ten years after his release from a Texas prison for a sex offense. See Clark, 117 So.3d at 1247-48. The trial court granted the motion and the court of appeal affirmed. The supreme court then affirmed, noting that the State’s stipulation raised a purely legal question of whether the State could sustain a conviction of the defendant under any conceivable set of circumstances within the scope of the stipulation, and thus, it was not error to consider the defendant’s argument that he was not subject 'to Louisiana’s sex offender registration requirements. Clark, 117 So.3d at 1249.
In State v. Legendre, 362 So.2d 570, 571 (La.1978), a bill of particulars furnished by the State amended the bill of information that charged the defendant with aggravated battery. The amendment alleged that the dangerous weapon used-to commit- the battery was a concrete parking lot. This subjected the bill of information to a motion to quash'on-the ground.that the facts alleged could not [^conceivably satisfy an essential element of the crime charged, because a concrete parking lot cannot be a dangerous weapon. See Legendre, 362 So.2d at 571-72.
In State v. Atkins, 248 La. 776, 181 So.2d 779, 781-82 (1966), the defendant was charged with committing, the crime of bigamy, by being married , to two people at the same time. The defendant filed a motion to quash, arguing that he was legally divorced before the. second marriage. The trial court granted the motion. The supreme court, after noting that the State did not object to a hearing on the motion to quash on the specific allegation of divorce and did not object to evidénce proving that divorce, held that consideration of the facts established at the hearing was not erroneous to “determine, whether, as a matter of law, they reveal the commission of the crime charged.” Id.
In each of these cases where evidence was admitted- at the hearing on a motion to quash to show that a conviction for the charged offense was not possible, the- factual information presented was undisputed and exonerated the defendant, essentially making the determination one of law-and not disputed fact.
Here, although the bill of information does not allege that the defendant possessed UR-144, -the trial court considered extensive evidence presented by both the defendant and the State on the issue of whether UR-144 falls within the definition of a controlfed substance analogue.[4] Even *728 if the bill of information |7alleged, or the State later admitted or stipulated, that the charges are based on the possession of UR-144, the evidence presented at the hearing on the motion to quash does not leave the court with a purely legal issue to decide upon uncontested facts. Rather, the evidence at the hearing on the motion to quash revealed a factual dispute as to whether UR-144 is a controlled substance analogue. Resolution of this factual dispute requires the evaluation of the testimony of competing experts and the determination of their credibility, which exceeds the scope of a motion to quash.
The defendant suggests that in State v. Beaudette, 12-0871 (La.App. 1 Cir. 7/13/12), 97 So.3d 600, 603-04 (per curiam, ), writ denied, 12-1833 (La.11/2/12), 99 So.3d 679, this court sanctioned the use of a motion to quash to resolve the question of whether particular chemicals constitute controlled dangerous substance ano-logues. We disagree. In Beaudette, this court denied an application for supervisory review that involved the denial of a motion to quash. In denying the request for supervisory review, this court did not, by negative implication, make any statement regarding the procedural posture of the question presented or create another exception to the general rule prohibiting consideration of a defense through a motion to quash.
The defendant’s arguments can only be resolved by the factfinder at trial. Consequently, the trial court’s ruling granting the motion to quash counts 1, 3, and | s4, is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.

. The record reveals two different spellings of the defendant’s last name, Daquin and D'Aquin. We have used the spelling that appears in the bill of information.

. The State has separately appealed the trial court’s ruling regarding the co-defendant, Brandi M. Daquin. See State v. Daquin, 15- *726 0159 (La.App. 1 Cir.11/9/15), 184 So.3d 728, 2015 WL 6951547.

. In Carter, 88 So.3d at 1183, the trial court considered the defendant's argument that *727 pills seized from his possession "tested negative for violation drugs” and granted his motion to quash the bill of information. The appellate court concluded that the defendant's argument was a factual defense to the .charge of illegal possession of a legend drug and reversed the trial court,

. At the time of the alleged offenses, Louisiana Revised Statute 40:964 F specified that *728 synthetic cannabinoids included all synthetic cannabinoid chemical analogues, providing:
Unless specifically excepted or unless listed in another schedule, any material, compound, mixture, or preparation, which contains any quantity of a synthetic cannabi-noid found to be in any of the following chemical groups, or any of those groups which contain any synthetic cannabinoid salts, isomers, or salts of isomers, whenever the existence of such salts, isomers, or salts of isomers is possible within the specific chemical designation, including all synthetic cannabinoid chemical analogues in such groups:
(1) Naphthoylindoles whether or not substituted in the indole ring to any extent or the naphthyl ring to any extent.
(2) Naphthylmethylindoles whether or not substituted in the indole ring to any extent or the naphthyl ring to any extent.
(3) Naphthoylpyrroles whether or not substituted in the pyrrole ring to any extent or the naphthyl ring to any extent.
(4) Naphthylmethylindenes whether or not substituted in the indene ring to any extent or the naphthyl ring to any extent
(5) Phenylacetylindoles whether or not substituted in the indole ring to any extent or the phenyl ring to any extent.
(6) Cyclohexylphenols whether or not substituted in the eyclohexyl ring to any extent or the phenyl ring to any extent.
(7) Dibenzopyrans whether or not substituted in the cyclohexyl ring to any extent or the phenyl ring to any extent.
(8) Benzoylindoles whether or not substituted in the indole ring to any extent or the phenyl ring to any extent.