# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

STATE OF LOUISIANA

VERSUS

VAN HOPKINS

NO. 2023 KW 1246

**FEBRUARY 27, 2024**

---

In Re:    Van Hopkins, applying for supervisory writs, 20th Judicial District Court, Parish of West Feliciana, No. 22-WFLN-237.

---

**BEFORE:    THERIOT, PENZATO, AND GREENE, JJ.**

**WRIT GRANTED.** The conduct alleged against the defendant does not provide a legal basis for the offense charged. See **State v. DeJesus**, 94-0261 (La. 9/16/94), 642 So.2d 854, 855 (*per curiam*). See also **State v. Robinson**, 2020-01389 (La. 3/9/21), 312 So.3d 255, 256 (*per curiam*). Accordingly, the district court erred by not ordering the bill of information quashed. The ruling denying the motion to quash is reversed, the motion is granted, and this matter is remanded to the district court for further proceedings.

MRT

HG

**Penzato, J.**, dissents and would deny the writ. Here, the defense argues the failure to inform law enforcement of Marshall Rayburn's physical location does not rise to the level of criminal conduct. As a general rule, a motion to quash does not serve as a vehicle for asserting defenses to the merits of the charges against the defendant. See **State v. Faggin**, 2014-0326 (La. 10/24/14), 150 So.3d 298, 299 (*per curiam*); **State v. Thomas**, 2012-0470 (La. App. 1st Cir. 11/14/12), 111 So.3d 386, 388-89 (The question of the factual guilt or innocence of the defendant is not raised by the motion to quash). An exception to this general rule exists in cases where the State has alleged or admitted facts under which a lawful conviction for the charged offense is not possible. **State v. Clark**, 2012-1296 (La. 5/7/13), 117 So.3d 1246, 1249 (*per curiam*). The indictment alleges criminal negligence and charges an offense which is punishable under a valid statute. The Defendant did not file a motion for a bill of particulars and there has been no stipulation of facts by the State. Therefore, the district court was not presented with a purely legal question. I would find that the district court did not err by denying the motion to quash.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT