UNITED STATES of America, Plaintiff–Appellee,

v.

Joe BACON, Defendant–Appellant.

No. 87–8657

Non–Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

Aug. 9, 1988.

**1313**

LeRoy Burke, III, Savannah, Ga. (Court-appointed), for defendant-appellant.

Frederick Kramer, Asst. U.S. Atty., Savannah, Ga., for plaintiff-appellee.

Before JOHNSON, HATCHETT and ANDERSON, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment entered by the United States District Court for the Southern District of Georgia upon a jury verdict finding appellant guilty of five counts of possession and distribution of cocaine, in violation of 21 U.S.C.A. § 841(a), and one count of conspiracy to distribute cocaine, in violation of 21 U.S.C.A. § 846. The record in this case reflects that Curtis Virgil Clark, a detective with the Liberty County, Georgia, Sheriff's Department, initiated the investigation that resulted in the conviction of appellant. Detective Clark introduced Dwight G. Perkins, a special agent assigned to the United States Army Criminal Investigation Command as a narcotics agent, to an individual by the name of Morris Nelson, a "source" in the employment of the Liberty County Sheriff's Department. Agent Perkins was later introduced to the appellant, Joe Bacon. The Georgia Bureau of Investigation was also involved in this cocaine investigation and a special agent with the Georgia Bureau of Investigation accompanied the special agent of the Army C.I.D. when C.I.D. Agent Perkins purchased $1800 worth of cocaine from the appellant. Similar purchases of lesser amounts were made on other occasions. These transactions form the basis for appellant's arrest, prosecution, convictions and sentence. Defense counsel objected to the admission of the testimony of Agent Perkins on the ground that, since he was a member of the United States Army, it was illegal for Perkins to work undercover cases that resulted in prosecution of civilians. The trial court denied the motion to exclude Agent Perkins' testimony.

The basic question presented in this appeal is whether the participation in this drug investigation by military personnel for the purpose of assisting state and local agencies in the investigation of cocaine distribution constituted a use of the military to execute the civil law in violation of the Posse Comitatus Act[1]. We hold that assistance by the military in civil investigations, as here, is not a violation of the Posse Comitatus Act in that the military participation in this case did not pervade the activities of civilian officials, and did not subject the citizenry to the regulatory exercise of military power. We further hold that, even if the participation by military personnel in this drug investigation is to be considered a violation of the Posse Comitatus Act, it was not a willful violation of the spirit of the Act; nor did it demonstrate any aggravated or repeated instance of violations that would require or even justify the application of the exclusionary rule. *United States v. Walden*, 490 F.2d 372, 376 (4th Cir.1974).

In this case the record is clear that an active-duty army investigator assumed an undercover role in working jointly with the Liberty County, Georgia, Sheriff's Department to ferret out a source of some of the cocaine being supplied to both civilians and army personnel in the Fort Stewart–Hinesville, Georgia, area. Army funds were used for some of the undercover drug "buys". State and local funds were used for others. All drugs and other evidence gathered by Army Investigator Perkins were turned over to the state and local investigators for evidence in the prosecution of drug distributor Joe Bacon. Perkins, as a member of the military, merely

---

1. Whoever, except in cases and under circumstances expressly authorized by the Constitution or Act of Congress, willfully uses any part of the Army or the Air Force as a posse comitatus or otherwise to execute the laws shall be fined not more than $10,000 or imprisoned not more than two years, or both. 18 U.S.C.A. § 1385

**1314**

aided civilian personnel in an extensive criminal investigation and did so "only to the extent of activities normally performed in the ordinary course of [his] duties." *United States v. Hartley,* 678 F.2d 961, 978 (11th Cir.1982). There was no "military permeation of civilian law enforcement." 678 F.2d at 978.

In this case the limited military participation was nothing more than a case of assistance to civilian law enforcement efforts by military personnel and resources. This does not violate the statutory prohibition of the Posse Comitatus Act. Consequently, since there was no violation of 18 U.S.C.A. § 1385, there was no necessity or even justification that required the exclusion of the evidence gathered through the investigation in which the military participated.

The judgment of the district court is AFFIRMED.