# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Commonwealth of Virginia

v.

Lloyd Donald Brown

October 17, 1997

Case Nos. CR97-127, CR97-128, CR97-129, and CR97-130

BY JUDGE JOHN W. SCOTT, JR.

This matter came before the Court on October 15, 1997, on the Defendant's Motion to Suppress all evidence that may be presented by the Commonwealth during the trial that was in any way obtained by or through information given to Officer Greg Waters, an undercover investigative witness. The Defendant contends that Officer Waters, an employee of the Department of Defense assigned to the United States Navy's Military District of Washington, D.C., which is commanded by a commissioned military officer, must be classified as "military personnel" and therefore subject to the provisions of the Posse Comitatus Act, 18 U.S.C., § 1385, and 10 U.S.C., § 375. These statutes and their related military regulations and directives prohibit the use of the armed services to enforce civilian laws and restrict the participation by any member of the armed forces in any search, seizure, arrest, or any other related activity unless specifically authorized by law.

## Facts

Officer Greg Waters, a civilian employee of the Department of Defense, who is temporarily assigned to the United States Navy's Criminal Investigation Unit for the Military District of Washington, D.C., participated in undercover operations in the City of Fredericksburg on February 3, 1997, and March 1, 1997. The Officer's activities led to the ultimate arrest of the defendant, Lloyd D. Brown, on charges of Possession of Cocaine with the

Intent to Distribute and Distribution of Cocaine. On these dates, Officer Waters activities were directed by officers of the Fredericksburg, Virginia, Police Department. At no time did Officer Waters direct any of the operations concerning the Defendant, wear a badge, participate in an arrest, participate in any search or seizure, or offer any suggestions or instructions to law enforcement officers of the City of Fredericksburg as to how they should proceed. According to Officer Waters's testimony, his only involvement in those matters concerning the Defendant related to unplanned contacts and transactions with the Defendant which resulted in the purchase of cocaine, the review of photographs in an effort to identify the Defendant, and the giving of testimony before appropriate courts concerning these events.

## Questions Presented

Questions presented to the Court by the Defendant's Motion are:

1. Is Officer Greg Waters subject to provisions of the Posse Comitatus Act and related regulations?

2. If Officer Waters is in fact governed by the provisions of the Posse Comitatus Act and related regulations, what is the appropriate remedy that should be imposed by this Court for any violations of this statute?

## Opinion

Throughout the history of the United States, there has been a fundamental policy to use civilian, rather than military, personnel or officers, to the maximum extent possible, to enforce the law and preserve order. The policy that military involvement in civilian law enforcement should be severely restricted has roots which extend back to the American Revolution. The Posse Comitatus Act is Congress's expression of this long standing federal policy *United States v. Walden*, 490 F.2d 372 (4th Cir. 1972).

It should be noted that, in *Walden*, members of the United States Marines played an active part in the investigation which led to the prosecution of the defendants. The United States Court of Appeals for the Fourth Circuit, however, while recognizing the strong policy statements within the Posse Comitatus Act refused to suppress either the testimony of the marines or the tangible evidence gained through their efforts. The Court, however, did not foreclose the possibility of imposing sanctions in the future when criminal prosecutions reveal violations of the Posse Comitatus Act.

The United States Court of Appeals for the Eleventh Circuit, in the case of *United States v. Bacon*, 851 F.2d 1312 (11th Cir. 1988), addressed the specific question as to whether or not the use of military personnel in drug

investigations for the purpose of assisting state and local agencies in the investigation of cocaine distribution cases constitutes use of the military to execute civil law in violation of Posse Comitatus Act. The Court held that the Act was not violated since the military participation did not pervade the activities of civilian officials and did not subject the citizenry to the regulatory exercise of military power. *Bacon*, p. 1313. It should be noted that active duty military personnel were the subject of the inquiry in *Bacon* as well as *Walden*.

The case before this Court involves the participation of a civilian employee of the Department of Defense who was assigned on a temporary basis to the United States Navy's Military District of Washington, D.C. Officer Waters did not exercise any supervisory authority over the Fredericksburg, Virginia, Police Department at any time. Furthermore, this officer did not participate in any search, seizure, or arrest at any time during his participation in local drug related cases.

This Court finds that the activities of Officer Greg Waters in the investigation and prosecution of the Defendant in this case was not in violation of the Posse Comitatus Act. It is therefore adjudged, ordered, and decreed that the Motion to Suppress the testimony and any physical evidence that was obtained as a consequence of the actions of Officer Greg Waters is denied.